DALTON v. NATIONAL LIFE, HEALTH AND ACCIDENT INS. CO.

(December 10, 1928. Opinion and Decree.)
(January 7, 1929. Rehearing Refused.)

L. R. Hoover, of New Orleans, attorney for plaintiff, appellee.

W. W. Wright, of New Orleans, attorney for defendant, appellant.

DART, J. ad hoc. The defendant was condemned in the court below to pay the plaintiff $257.00 and this appeal is prosecuted from that judgment.

The plaintiff's petition alleges that on August 2, 1920, the board of directors of the defendant corporation passed a resolution to assess the stockholders of the corporation ten per cent on the amount of stock owned by them in the corporation and in accordance with said resolution the plaintiff advanced to defendant the sum of $207.00 on August 2, 1920, and the sum of $50.00 on March 19, 1921. That said advances were duly entered on defendant's books and have been and are carried thereon as an obligation of the corporation. That said assessment and loan was made without any definite term for repayment and under the law is due and payable on demand. By supplemental petition, plaintiff alleged that on April 19, 1920, he advanced and loaned the defendant $206.87 by giving his personal check to a bank to cover overdrafts and money due said bank by the defendant. That on August 2, 1920, defendant repaid said loan by giving plaintiff a check for said sum and plaintiff in payment of the assessment due the defendant by reason of the resolution of the Board endorsed said check and returned same to defendant with thirteen cents additional, making the full sum of $207.00 advanced on August 2, 1920.

The answer of the defendant admitted the levy of the assessment and otherwise denied the allegations of the petition and for further answer said that plaintiff is no longer a stockholder of the corporation and that any rights he may have had passed with the sale of his stock. It is further alleged that the assessments have been wiped out by the action of the stockholders and the board of directors.

Plaintiff testified that he was secretary of the defendant company during the years 1919, 1920 and 1921. That the assessment was made by the Board because of the financial embarrassment of the corporation and to meet its obligations. The resolution of assessment was drawn for the Board by the lawyer of the corporation, accompanied by his opinion that the payment of the same must be voluntary and could not be enforced legally. Plaintiff, as secretary of the company, was the medium through which the notice of the assessment and the advice of counsel was communicated to the stockholders. Some of these paid the assessment, including the plaintiff, and others refused to pay it. Plaintiff, in his official capacity and under advice of counsel, opened an account on the books, calling it the "Assessment Account," "and each entry was made separate in the Cash Book and at the end of the month it was credited in the Ledger to the 'Assessment Account.' We carried it as a liability up to the time I

left the Company." He further says, "the first assessment had not produced enough cash and those members present * * * just made another assessment ipso facto as a matter of fact to take care of the obligations pending," and under this second assessment paid $50.00 more. He adds further that at the meeting in the office of the company "it was expressly stated this assessment was voluntary."

Plaintiff remained with the company until June 21, 1922, when he sold out his stock, receiving therefor $25.00 per share, the par value being $10.00. In December, 1924, he made demand on the company for the return of the sums paid by him under the assessments and in May, 1925, instituted this suit therefor.

We think the testimony establishes that the money plaintiff here seeks to recover was paid voluntarily as an assessment, and that it was in no sense a loan to the corporation. The resolution of the Board, and the testimony of plaintiff himself shows that it was an assessment, that no stockholder was bound to pay it and that any payment made by the stockholder was a voluntary contribution to the welfare of the company, which in plaintiff's own words, was in a condition of "financial embarrassment."

An assessment in corporate practice has but one meaning, it is a demand upon stockholders for payments above the par value of their stock to meet the money demands of creditors of the corporation. An assessment may be levied under the authority of a statute, or it may be voluntary. We have, for instance, a statute which recognizes the principle of voluntary subscription where the capital of an insurance company is impaired. · Act 24 of 1890, page 18.

There is no doubt that under our law an assessment cannot be levied, on full paid capital stock either by the stockholders or by a board of directors, nor is there any doubt that stockholders of a corporation may become creditors of the same as is illustrated in the cases cited by plaintiff's learned counsel.

Cotton Seed Oil Co. vs. Refining Co., 108 La. 74, 32 So. 221; Villere vs. N. O. Pure Milk Co., 122 La. 717, 48 So. 162.

But there is nothing in any of this doctrine to prevent stockholders agreeing among themselves to levy an assessment, for the corporate benefit, and this was recognized by the Board and was communicated to the stockholders by the secretary, the plaintiff herein, acting under the advice of the counsel of the company, an eminent and respected member of this bar now deceased. Under his advice the Board levied the assessment as a voluntary contribution which it called upon the stockholders to make.

The language used in the resolution brings the case within well-settled principles of corporation law.

"It scarcely needs judicial authority to the proposition that stockholders can agree that assessment may be levied on their stock. * * * Stockholders may voluntarily assess themselves for the betterment of the corporation, but such assessments are not debts against the corporation, but are regarded as assets. * * * Even a statute prohibiting assessments on fully paid stock could not prevent the stockholders themselves from making a valid contract for an additional assessment. * * * but payment made on a voluntary assessment cannot be recovered back from the corporation."

Thompson on Corporations, Sec. 4828, p. 734, Edition 1927.

"It may happen that when stockholders or members of a corporation have paid in full into the treasury of the corporation their required contribution to its capital stock or capital, so that their shares or membership are paid for in full, the corporation may have need of further funds.

In such a case the stockholders or members may undoubtedly contribute any additional sums they may choose, although the capital stock of a corporation cannot be increased without legislative authority."

Fletcher, Cyclopedia of Corporations. Sec. 4270, p. 7518, Vol. 7.

"Such contributions when made become assets of the corporation and do not create debts against it in favor of the stockholders."

Ibid, Note 91.

In the somewhat analogous case of contributions by directors of a bank to make good an impairment of its capital stock, the Supreme Court of Louisiana has held that these contributions must be regarded as gifts and the bank is under no obligation to return them.

Wright vs. Gurley, 133 La. 745, 63 So. 310; Kennedy vs. Young, 136 La. 674, 67 So. 547, L. R. A. 1915D, 935; Interstate T. & Bk. Co. vs. Irwin, 138 La. 325, 70 So. 313.

The plaintiff herein as secretary of the company was in position to know, and did know the financial embarrassment of the corporation. His monetary investment in its stock and his official position was a double urge to do his bit, not only to tide over its financial embarrassment, but to prevent the losses that would ensue should the corporate S.O.S. bring no relief. He knew that others perhaps just as deeply interested had failed to come to the rescue, but every instinct of self interest also called him to make the voluntary contribution. He was in position to frame the resolution so as to call for a loan from the stockholders instead of a voluntary contribution, but how would that have aided the corporation in its embarrassed condition? That course would certainly not have reduced the obligations of the corporation or freed it from its financial embarrassments. The very form in which he entered the contribution on the books, "Assessment Account" is a convincing answer to his present contention that he lent the money to the company. Borrowed money would scarcely require such an entry.

We are not indifferent to the fine gesture of the stockholders who made this voluntary contribution, but we cannot make contracts for them that they failed to make at the time they came to the rescue, and we are fortified in our conclusions by the lapse of time that plaintiff allowed to intervene before presenting this claim. It was not made while he was in office, or while he was a stockholder, but only after he ceased for more than two years to have any interest in the corporation.

Holding these views, we are constrained to reverse the judgment below and to enter judgment here dismissing and denying plaintiff's suit with costs in both courts.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of defendant, dismissing plaintiff's suit, with costs in both courts.